### In re GANDER MOUNTAIN, INC., Debtor.

**GANDER MOUNTAIN, INC., as Debtor, in Possession, and the Creditors Committee of Gander Mountain, Inc., Plaintiffs,**

v.

**Bob VENTRICE, an individual d/b/a Wyoming Studios, Defendant.**

Bankruptcy No. 82–03050.
Adv. No. 81–1247.

United States Bankruptcy Court,
E.D. Wisconsin.

Nov. 29, 1982.

Larry S. Kajfes, Ltd., Chicago, Ill., for defendant.

Peter C. Blain, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C., Milwaukee, Wis., for plaintiffs.

## MEMORANDUM DECISION

C. N. CLEVERT, Bankruptcy Judge.

In this preference action, the debtor, Gander Mountain, and the unsecured creditors' committee have joined as plaintiffs to recover $3,523.64 paid to Bob Ventrice, d/b/a Wyoming Studios, within 30 days of the debtor's voluntary Chapter 11 petition. Ventrice answered the amended complaint claiming the right to set off against the funds he received and the parties then submitted the case to the court for its decision on stipulated facts.

## FACTS

On November 11, 1980, Gander ordered 1,753 belt buckles from Ventrice. Ventrice informed Gander that the order would not be filled unless outstanding invoices were paid in the amount of $3,709.14. So, Gander forwarded a check in that amount. Upon receipt, Ventrice immediately forwarded 106 belt buckles; a second shipment of 937 belt buckles was sent later. However, Gander refused to accept the second shipment and returned it to Ventrice on December 9, 1980, the day after the petition was filed. Because the belt buckles were custom made for Gander and some were even copywrited, Ventrice could not resell them. Hence, he melted the buckles and recast them in an attempt to mitigate his losses.

## DISCUSSION

According to the stipulation and the briefs, the parties have agreed that Ventrice received a preference and that he was entitled to retain $185.50 for the belt buckles Gander received after the $3,709.14 payment. The question they left for the court was whether the $1,835.90 in expenses incurred by Ventrice could also be "set off"[1] against the preference payment, or more specifically, whether the expenses Ventrice incurred in attempting to fill Gander's order came within any recognized exception to the voiding powers granted by § 547 of the Bankruptcy Code.

In § 547(c)(4) it is stated that a trustee[2] may not avoid a transfer

(4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—

(A) not secured by an otherwise unavoidable security interest; and

(B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor . . . .

Thus, the 547(c) exception to a trustee's avoiding powers is hinged upon a creditor giving "new value", a term defined in § 547(a)(2) as

. . . money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law . . . .

■ A common sense interpretation of § 547(c)(4), particularly in view of the foregoing definition, leads to the inescapable conclusion that a debtor must have received and retained money, goods, services, or other property in order for the unsecured transferring creditor to avoid returning all or part of a preferential payment. Such was certainly the result through the application of the so called "net result rule" under § 60(c)[3] of the Bankruptcy Act of 1898 which is now codified in § 547(c)(4). H.R.Rep. No. 595, 95th Cong., 1st Sess. 374 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

Illustrative was the case of *In re Jack Kardow Plumbing Co.,* 451 F.2d 123 (5th Cir.1971), which was correctly cited by the

---

1. The term "set off" as used here does not refer to the right of a creditor to offset mutual debts under 11 U.S.C. § 553.

2. § 1101(1) "debtor in possession" means debtor except when a person that has qualified under section 322 of this title is serving as trustee in this case. . . .

§ 1107(a) Subject to any limitations on a trustee under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in section 1106(a)(2), (3), and

(4) of this title, of a trustee serving in a case under this chapter.

§ 103(a) Except as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, or 13 of this title.

3. § 60(c) If a creditor has been preferred, and afterward in good faith gives the debtor further credit without security of any kind for property which becomes a part of the debtor's estate, the amount of such new credit remaining unpaid at the time of the adjudication in bankruptcy may be set off against the amount which would otherwise be recoverable from him.

plaintiffs as holding that the § 60(c) preference exception was dependent upon the creditor unconditionally transferring property which enriched the debtor's estate. Id. at 138, 139 n. 58. There, the court reiterated the policy for § 60(c) saying:

Underlying the provisions of § 60 is the aim of forcing the creditor, who at the time of the preference knew the debtor was insolvent, to return to the estate the amount by which his preference has diminished it. If after the preference the creditor replaces part of that diminution by selling goods to the estate on credit, he is liable to return (subject to the good faith requirements of § 60, sub. c) only the outstanding balance and not the entire amount of the preference—for this balance is the sum that will render the estate whole. Id. at 138.

The court has, therefore, concluded that Ventrice did not enrich the debtor's estate except in the amount of $185.50, as set forth in the parties' stipulation; and the balance of the money received by Ventrice does not fit within the preference exception of § 547(c)(4).

The foregoing constitutes the court's findings of fact and conclusions of law as required by Rule 752 of the Federal Rules of Bankruptcy Procedure.